IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THE ESTATE OF CHARLES E. EDWARDS, BY
AND THROUGH NEVONNIA TURNER, AS
ADMINISTRATRIX OF THE ESTATE OF CHARLES
E. EDWARDS, FOR THE USE AND BENEFIT OF THE
ESTATE OF CHARLES E. EDWARDS, DECEASED
AND THE WRONGFUL DEATH BENEFICIARIES
OF CHARLES E. EDWARDS, DECEASED                                          PLAINTIFF

**FILED**

OCT 15 2007

DAVID CREWS, CLERK
By _____
Deputy

VS.                    CIVIL ACTION NUMBER: 4:07CV174-P.B

MARINER HEALTH CARE, INC.; GRANCARE, INC.;
EVERGREEN HEALTHCARE, INC.; NATIONAL
HERITAGE REALTY, INC.; JOHN DOES 1 THROUGH 10;
AND UNIDENTIFIED ENTITIES 1 THROUGH 10;
(AS TO GREENWOOD HEALTH & REHABILITATION
CENTER F/K/A HERITAGE HEALTHCARE-GREENWOOD)          DEFENDANTS

## NOTICE OF REMOVAL

**COME NOW** defendants, Mariner Health Care, Inc.; Grancare, Inc.; Evergreen

Healthcare, Inc.; and, National Heritage Realty, Inc. and file Notice of Removal of this action

to the United States District Court for the Northern District of Mississippi, Greenville

Division, and in support thereof would show unto this Court the following, to-wit:

1.      On or about December 7, 2001, plaintiff commenced against Mariner Post-

Acute Network, Inc.; George D. Morgan; M. Scott Athans; J.D. Lee; Charlie R. Sinclair, Jr.;

Angela M. Whittington; and, John H. Merrell,[1] in the Circuit Court of Leflore County,

Mississippi, a civil action to recover compensatory and punitive damages for alleged

negligence, medical malpractice, malice and/or gross negligence, fraud and breach of

fiduciary duty, all relative to the care and treatment of Charles E. Edwards, while he was a

---

[1]      Plaintiff also sued John Does 1 through 10; and Unidentified Entities 1 through 10.

resident of Greenwood Health & Rehabilitation Center. A copy of the plaintiff's complaint filed on December 7, 2001, in the Circuit Court of Leflore County, Mississippi, being Civil Action Number: 2001-0172-CI in its docket, is attached hereto as **Exhibit "A"**.

2.      Subsequently, on November 4, 2002, plaintiff filed her amended complaint which substituted Mariner Health Care, Inc., for Mariner Post-Acute Network, Inc., and added as defendants National Heritage Realty, Inc.; Grancare, Inc.; and, Evergreen Healthcare, Inc. A copy of the plaintiff's amended complaint is attached hereto as **Exhibit "B"**.[2] The only non-diverse defendants in the lawsuit were the nursing home administrators, Charlie R. Sinclair, Jr., Angela M. Whittington, and John H. Merrell, all of whom were residents of the State of Mississippi, as was plaintiff.

3.      On September 13, 2007, the Mississippi Supreme Court handed down its decision in the case of *Mariner Health Care, Inc. v. Estate of Edwards, ex rel. Turner*, — So.2d —, 2007 Westlaw 2670308 (Miss.), in which the Court held, *inter alia*, that the non-diverse nursing home administrator defendants were improperly joined in the lawsuit and must be dismissed. *Id.* at 15. The mandate was issued on this decision October 4, 2007.

4.      28 U.S.C.A. §1446 provides, in part, that a case is removable within thirty (30) days after service of the initial pleading or after receipt by the defendant "of a copy of an . . . order or other paper from which this case is one which is or has become removable . . . ." 1446(b). The decision of the Mississippi Supreme Court constitutes an order or other paper from which this case is or has become removable under Section 1446(b). There is

---

[2]

A certified copy of all records and proceedings in the state court action will be requested and filed herein upon direction of this court.

complete diversity of citizenship between the properly joined parties to this litigation and the matter in controversy is in excess of the sum or value of $75,000.00, exclusive of interest and costs, as evidenced from the allegations contained in the complaint.

5.      Section 1446(b) requires that a case removed based upon diversity jurisdiction (such as this case) must be removed within one year after commencement of the suit. This removal is more than one year from the filing of the complaint herein; however, there are judicially-created equitable exceptions to the one-year rule. In *Tedford v. Warner Lambert Co.*, 327 F.3d 423, (5th Cir. 2003), the Fifth Circuit held, as to the one-year limit, "the time limit for removal is not jurisdictional; it is merely modal and formal and may be waived." *Id.* at 426, *citing Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). In *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996), the United States Supreme Court held that the existence of subject matter jurisdiction at the time of trial eclipsed the lack of subject matter jurisdiction at the time of removal. These cases, and others, create a pattern of equitable tolling of the one-year deadline which supports tolling of the deadline in this case.

6.      Defendants request an equitable exception to the one-year rule in this case. Years ago the administrator defendants sought dismissal from this lawsuit on essentially the same basis used by the Mississippi Supreme Court in *Howard v. Harper,* 947 So.2d 854 (Miss. 2006), to hold that nursing home administrators are not proper parties in nursing home cases alleging negligent nursing care. The Court relied upon its ruling in *Howard* to hold that the non-diverse nursing home administrators in the case *sub judice* should have been dismissed. *Edwards, supra.* The amended complaint in this case is virtually identical to the

-3-

complaint in *Howard, supra*, both lawsuits having been filed by the same firm. This case and the *Howard* case were just two of numerous identical lawsuits filed in which the non-diverse administrator defendants were improperly joined to defeat diversity jurisdiction. This pattern of fraudulent joinder justifies application of an equitable exception to the one year rule in this case.

7.     Defendants do not waive any defenses to which they may be entitled and specifically reserve same.

8.     Defendants promptly after filing this notice will give and are giving notice thereof to all adverse parties and to the Circuit Court of Leflore County, Mississippi, and are further filing a copy of this notice with said circuit clerk.

9.     Defendants herein reserve the right to supplement this notice of removal by adding any jurisdictional grounds or defenses which may independently support a basis for removal.

THIS, the ___12th___ day of October, 2007.

Respectfully submitted,

MARINER HEALTH CARE, INC.; GRANCARE, INC.; EVERGREEN HEALTHCARE, INC.; and, NATIONAL HERITAGE REALTY, INC.

WILKINS, STEPHENS & TIPTON, P.A.

BY: _____

L. CARL HAGWOOD (MSB #2039)
MICHAEL E. PHILLIPS (MSB #100119)
FAYE MURPHREE JAMES (MSB #2990)
SENITH C. TIPTON (MSB #8227)

-4-

WILKINS, STEPHENS & TIPTON, P.A.
One LeFleur's Square
4735 Old Canton Road
Post Office Box 13429
Jackson, Mississippi 39236-3429
Phone:  601-366-4343
Fax:  601-981-7608

## CERTIFICATE OF SERVICE

I, Faye M. James, the undersigned attorney for defendants, do hereby certify that I

have this day mailed, by United States mail, postage prepaid, a true and correct copy of the

above and foregoing *Notice of Removal* to the following:

    A. Lance Reins, Esquire
    Wilkes & McHugh, P.A.
    16 Office Park Drive, Suite 8
    Post Office Box 17107
    Hattiesburg, Mississippi 39402
    Attorneys for Plaintiff

    Honorable Trey Evans
    Circuit Clerk, Leflore County
    310 West Market Street [38930]
    Post Office Box 1953
    Greenwood, Mississippi  38935

THIS, the ____12th____ day of October, 2007.

BY: _____
    L. CARL HAGWOOD (MSB #2039)
    MICHAEL E. PHILLIPS (MSB #100119)
    FAYE MURPHREE JAMES (MSB # 2990)
    SENITH C. TIPTON (MSB #8227)