**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

ESTATE OF CHARLES EDWARDS, ET AL.,                          PLAINTIFF,

VS.                                                      CIVIL ACTION NO. 4:07CV174-P-B

MARINER HEALTH CARE, INC.; ET AL.,                           DEFENDANTS.

**ORDER OF REMAND**

This matter comes before the court upon Plaintiff's Motion to Remand [42]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The defendants' removal of this action that was filed some six years ago, tried, resulted in a judgment for the plaintiffs, and was reversed and remanded by the Mississippi Supreme Court is clearly without merit. There is a one-year time limit on removals pursuant to 28 U.S.C. § 1446(b). However, the Fifth Circuit in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003) recognized an equitable exception to the one-year time limit. More specifically, the actual holding of *Tedford* was: "Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Id*. at 428-29. In *Tedford*, the defendants were allowed an extra ten days.

In this case, it is undisputed that at the time the plaintiffs filed this action the law supported the position that the resident nursing home administrators could be properly sued in a case of this nature. It was not until the decision in *Howard v. Estate of Harper*, 947 So.2d 854 (Miss. 2006), decided some five years after this lawsuit was filed, that the plaintiff in this case had notice to the contrary.

Since the plaintiff properly joined the nursing home defendants when this case was filed on December 7, 2001, and since they appeared properly joined until the *Howard* decision in 2006, it cannot be said that the plaintiff manipulated the statutory rules for determining federal removal jurisdiction. Even if there were evidence of manipulation, six years is manifestly too long to utilize *Tedford*'s equitable tolling exception. The defendants have cited no mandatory authorities to the contrary.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand [42] is **GRANTED**; therefore,

(2) This case is **REMANDED** to the Circuit Court of Leflore County, Mississippi from whence it came; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 15th day of January, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE